IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CONNIE MICHAEL PLAINTIFF

vs. CASE NO. **4:050CV01481 GH**

JO ANNE B. BARNHART, DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Plaintiff, Connie Michael, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance. Both parties have submitted briefs, and the case is ready for disposition. Additionally, plaintiff has filed a motion to remand based on newly acquired evidence.

The Court's function on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.

> Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently.

*Roberts v. Apfel,* 222 F.3d 466, 468 (8th Cir. 2000) (citations omitted).

Plaintiff protectively applied for Disability Insurance Benefits (SSD) on December 30, 2003, alleging that she became disabled on August 23, 2003, due to pain and limitation of movement in her left shoulder, pain in the lower back, upper back, and neck, and arthritis in multiple joints (Tr. 56-58) Her initial claim was denied on April 9, 2004 (Tr. 34) and her request for reconsideration was denied July 7, 2004 (Tr. 41). Following the

denial, plaintiff requested a hearing before an Administrative Law Judge (ALJ). The hearing was held on February 17, 2005 at which plaintiff appeared with counsel. The ALJ issued his decision on July 26, 2005, denying plaintiff's claim for benefits (Tr. 12-22). Plaintiff requested review of the hearing decision by the Appeals Council, which on September 24, 2005, denied plaintiff's request for review (Tr. 5-7).

. At the time of the hearing in plaintiff was 45 years old and had a seventh grade education. She had past work experience as a certified nurse's assistant, paper bag press operator, conveyor belt sorter, fabric cutter, and press operator in a hot dog factory (Tr. 87, 92). .

The ALJ found that plaintiff has subacromia bursitis of the left shoulder with mild degenerative changes in the acromioclavicular joint on MRI; degenerative disc disease of the cervical and lumbar spine, and a history of cardiac catherization in Spetember 2004, with no residuals (Tr. 21). The ALJ determined that plaintiff had a severe impairment but that the impairments were not severe enough to meet or medically equal one of the impairments listed in the 20 C. F. R. Pt. 404, Subpt. P., App. 1 (Tr. 21).

The ALJ found plaintiff's subjective allegations and complaints not to be fully credible to the extent alleged and not supported by other evidence in the record. The ALJ found that plaintiff retained the residual functional capacity for a full range of light, unskilled work. This type of work involves lifting no more than 20 pounds at a time and frequently lifting or carrying objects weighing up to 10 pounds. He found plaintiff capable of standing and walking with normal breaks for a total of about 6 hours in an 8-hour workday and sitting with normal breaks for a total of about 6 hours in an 8-hour workday. Based on the testimony of the Vocational Expert (VE), the ALJ concluded that plaintiff's impairments did not prevent her from performing her past relevant work as a paper bag operator and as a conveyor belt sorter.

Plaintiff contends that the ALJ's decision that plaintiff can perform her past relevant

work is not based on the substantial evidence in the record as a whole.

Plaintiff testified that she sustained an injury to her left shoulder in August 2003 while on her job as a nursing assistant. She saw Benjamin M. Dodge, M.D., under the Arkansas Health Care Access Foundation which allows one visit free of charge. Dr. Dodge noted that plaintiff had been seen previously by a physician and given Demerol and a muscle relaxer but that she continues to have shoulder pain. On physical examination, Dr. Dodge found plaintiff had pain in her left shoulder. Dr. Dodge injected her left shoulder with lidocaine and Depo-Medrol and gave her a dose pack of prednisone. He recommended that she remain off work (Tr. 99).

Plaintiff was treated at the White River Rural Health Clinic from September, 2003 through January, 2005 (Tr. 110-118; 148-159). The medical records show plaintiff complaining regularly of pain in her shoulder and back. She was prescribed medications for her pain (e.g., Tr. 159, prescription for Lortab and Flexeril).

Plaintiff testified during the hearing that she is unable to work due to pain in her shoulder and lower back which is constant and excruciating (Tr. 232). She testified that she takes medication for the pain but it does not help (Tr. 233). She stated that she can sit for about 30 minutes at a time and be on her feet for about an hour. She related that she has difficulty walking and bending, and can lift only between eight and ten pounds (Tr. 235). She does not grocery shop any more because it bothers her to walk around; her husband and son now do the grocery shopping (Tr. 236).

The ALJ questioned the VE only to the extent of requesting him to classify the plaintiff's past relevant work. The VE classified plaintiff's work at the nursing home as medium, a paper bag press operator as light, a conveyor belt package sorter as light, a fabric cutter as medium, and a press operator of meat as medium (Tr. 241-42).

The ALJ left the record open to obtain additional information. He recognized that plaintiff was going to see a rheumatologist and considered the possibility of sending her to

an orthopedist depending on the additional information that was submitted (Tr. 243-44).

After the hearing, plaintiff was seen on March 24, 2005, by Patricia A. Knott, M.D. for a neurological evaluation at the request of the Social Security Administration. Dr. Knott's impression was lumbar and cervical degenerative disc disease and left shoulder discomfort, with plaintiff stating that she has difficulty carrying things or performing certain activities. Dr. Knott noted that plaintiff's main complaint is her left shoulder and she does have cervical and lumbar discomfort. Dr. Knott noted that plaintiff had not had an MRI to complete workup to see what was causing the pain. She noted that plaintiff is limited in her walking, standing and sitting, and will have some difficulty with fine manipulation (Tr. 204).

Dr. Knott completed an Ability to Do Work Related Activities Form indicating plaintiff could occasionally lift 20 pounds, that she could stand and walk at least two hours in an eight hour day and sit about six hours in an eight hour work day. Dr. Knott further indicated that plaintiff was limited in pushing and pulling in her upper and lower extremities. She found plaintiff was limited in lifting because of her pain. Dr. Knott further stated that plaintiff's shoulder pain with decreased range of motion would limit her reaching, which could only be done occasionally (Tr. 201-208).

The ALJ rejected the opinions of Dr. Knott, finding that plaintiff's pain is not severe enough to preclude all reaching and that plaintiff can stand and walk more than the two hours per day found by Dr. Knott.

The Court finds that the ALJ erred in discounting the findings of Dr. Knott, who concluded that plaintiff was limited to less than a full range of light work. Dr. Knott was the only doctor who examined plaintiff who completed a medical assessment of her ability to do work related activities. Contrary to the ALJ's findings, the record is replete with plaintiff's complaints of shoulder pain after her August, 2003 injury. That she married two weeks after the accident hardly means she was not suffering from pain. She takes pain medication. Her daily activities are limited because of her pain.

The ALJ has a duty to fully and fairly develop the record, even if the claimant is represented by counsel. *Nevland v. Apfel*, 204 F. 3d 853, 857 (8th Cir. 2000). Here, the record is not fully developed as to plaintiff's impairments. Dr. Knott indicated that plaintiff had not had an MRI of her cervical or lumbar area, which might assist in determining the extent of plaintiff's impairments. Furthermore, the Court finds that the ALJ did not properly consider plaintiff's complaints of pain.

In sum, the Court finds that a remand is necessary for the ALJ to properly develop whether plaintiff can return to her past relevant work. Should plaintiff meet her burden of establishing that she is unable to perform her past relevant work, then the burden will shift to the Commissioner to demonstrate that there are jobs in the national economy that she can perform.

THEREFORE, the Court reverses the decision of the Commission and remands the case to the Commissioner with instructions to conduct further proceedings consistent with this Order. This is a sentence-four remand. The motion to remand is denied as moot.[1]

IT IS SO ORDERED this 2nd day of March, 2007.

George Howard, Jr.

UNITED STATES DISTRICT JUDGE

[1]Plaintiff has filed a motion to remand for the ALJ to consider an MRI of plaintiff's cervical spine taken on March 8, 2006, and Dr. Phillip H. Johnson's opinion dated April 6, 2006. Because the Court is remanding for a reconsideration of plaintiff's ability to return to her past relevant work, the motion to remand based on new evidence is rendered moot. However, the new evidence may be relevant to the ALJ"s re-evaluation of plaintiff's impairment.